IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:16-cr-373-M (30) |
| | § | |
| JACOBY GLENN WRIGHT, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER OF DETENTION**

In the Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated April 5, 2018, Chief Judge Barbara M. G. Lynn has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Jacoby Glenn Wright should not be detained under 18 U.S.C. § 3143(a)(2) and whether it has been shown by clear and convincing evidence that Defendant Jacoby Glenn Wright is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. No. 846.

**Background**

Defendant is set for sentencing before Chief Judge Lynn on July 20, 2018. *See* Dkt. No. 820. "[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

-1-

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant filed a Motion for Continued Pretrial Release in which he identifies the exceptional circumstances under 18 U.S.C. § 3145(c) that he contends justify his continued release post-conviction and in which he addresses whether he is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c) pending sentencing. *See* Dkt. No. 867.

The Court held a hearing on April 19, 2018 on the matters referred by Chief Judge Lynn, at which Defendant appeared in person and through counsel and the government's counsel appeared and at which Defendant's common-law wife testified. *See* Dkt. No. 873.

**Legal Standards and Analysis**

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of a

violation of 21 U.S.C. § 846. *See* Dkt. Nos. 747, 748, 814, 817, 818, & 846. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless he meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)). As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See*

18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that he can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant. The latter statutory basis for continued release pending sentencing is how Congress accounted for circumstances in which – although only the presiding judge can ultimately decide a sentence – a defendant likely will not be sentenced to prison. This is not a situation in which Defendant is able to tell the Court that he likely will not be sentenced to prison.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 731], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and

-4-

3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

The Court finds that Defendant has made the required showing that he is not likely to flee or pose a danger to the safety of any other person or the community if continued on release. As Defendant explains in his motion.

> Mr. Wright has maintained employment while on pretrial release, and has abided by all of the conditions of his pretrial release.
> Mr. Wright has accepted responsibility for the offense charged in the indictment in this case, and has agreed to cooperate with the government to the best of his ability. Mr. Wright has significant family ties to the community, and has lived in Dallas all of his life. He does not possess a passport, nor does he a danger to any other person or the community. He has not been convicted of any other crime. The offense to which he has pleaded guilty does not carry a statutory minimum period of incarceration.

Dkt. No. 867 at 2.

The issue of Defendant's presentencing release therefore turns on whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c). In support of that showing, Defendants explains that

> he is in a committed relationship with Tamisha Kirvin, the mother of his nearly 2 year old son. Mr. Wright and Ms. Kirvin live together with their child, and expend all of their combined income on living expenses for themselves and their child. Mr. Wright and Ms. Kirvin are both employed. Ms. Kirvin does not earn enough income to pay rent and other living expenses without the income provided by Mr. Wright. Mr. Wright has maintained employment while on pretrial release, and has abided by all of the conditions of his pretrial release.

> Mr. Wright has accepted responsibility for the offense charged in the indictment in this case, and has agreed to cooperate with the government to the best of his ability. Mr. Wright has significant family ties to the community, and has lived in Dallas all of his life. He does not possess a passport, nor does he a danger to any other person or the community. He has not been convicted of any other crime. The offense to which he has pleaded guilty does not carry a statutory minimum period of incarceration.

Dkt. No. 867 at 1-2. Defendant "respectfully requests that he be continued on pretrial release under his present conditions until the time of his sentencing." *Id.* at 2.

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.* The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United*

States v. Thomas, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

The facts that Defendant urges as exceptional circumstances, including his compliance with all of his conditions of pretrial release, are certainly commendable. But the Court determines – as have many other courts when presented with similar arguments for presentencing release – that Defendant's proffered reasons for continuing his release are not, in and of themselves or taken together, a unique

combination of circumstances giving rise to a situation that is out of the ordinary.

Under Section 3145(c), a defendant who is compliant with his release conditions and doing everything that she should is – however commendable – not so out of the ordinary and, in that sense, "exceptional" among defendants who are on release at the time that they are found guilty as to justify an exception to Section 3142(a)(2)'s rule of mandatory detention. *See generally United States v. Bernard*, No. 1:12-cr-00022-JAW-02, 2013 WL 145582, at *2 (D. Me. Jan. 14, 2013) ("One way of thinking about compliance with the terms of pretrial release and a lack of significant criminal history is that they make out a necessary but not sufficient showing for release under § 3145(c).").

And many other courts have concluded that most proffered reasons for continuing release – including the reasons that Defendant offers here, including the hardship to his family if he is detained – are not, in and of themselves or taken together, a unique combination of circumstances giving rise to a situation that is out of the ordinary. *See United States v. Velarde*, 555 F. App'x 840, 841 (10th Cir. 2014) (noting that "'the cases establish that mere personal reasons, including caring for a family or gainful employment, are not 'exceptional'" (quoting *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008) (collecting cases))); *United States v. Nickell*, 512 F. App'x 660, 661 (8th Cir. 2013) (finding that a defendant's taking care of his children and remaining gainfully employed did not constitute exceptional reasons); *United States v. Mahoney*, 627 F.3d 705, 706 (8th Cir. 2010) ("It is well settled that compliance with the terms of pretrial release is commendable but does not justify

-8-

release under section 3145(c)."); *Little*, 485 F.3d at 1211 ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release."); *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007) (concluding that a defendant's release pending sentencing was improper because "compliance with the terms of his pretrial release, his lack of a criminal record, his payment of child support, and his ongoing employment are commendable, but they are not are not clearly out of the ordinary, uncommon, or rare" (citation and internal quotation marks omitted)); *United States v. Lea*, 360 F.3d 401, 403-04 (2d Cir. 2004) ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination.'")); *United States v. Mostrom*, 11 F.3d 93, 95 (8th Cir. 1993) (holding that "compliance with pretrial supervision and gainful employment up until the date of sentencing are not, in and of themselves, 'exceptional reasons why such person's detention would not be appropriate'").[1]

---

[1] *See also Posada*, 109 F. Supp. 3d at 915-16 ("Similarly, none of Posada's reasons rise to an 'exceptional' level. Notably, the question presented is whether there are any 'exceptional reasons' in the case which would permit Posada to escape the otherwise mandatory requirement of § 3143(a)(2) – that he be immediately confined following sentencing for the qualifying offense he committed. It is his burden to show that 'exceptional reasons' exist why his detention would be inappropriate, not why his release would be appropriate. Each of his proffered reasons may, on its own, be an appropriate reason for release, but none is an 'exceptional reason' for why his detention would be inappropriate given the statutory mandate. Each reason involves a purely personal matter that individually, and in combination, is no more out of the ordinary and no more unique than those of other persons subject to detention. It is a natural, if unfortunate, byproduct of the criminal justice system that one's personal affairs will be disrupted and that others beyond the defendant, most likely family, will feel the effects of his incarceration. *See United States v. Scott*, No. 1:95-CR-80-l, 1995 WL 723752, at *2 (E.D. Tex. Nov. 22, 1995) (finding that the need to assist an infirm parent did not

## Conclusion

Accordingly, the Court finds that it has not been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Jacoby Glenn Wright should not be detained under 18 U.S.C. § 3143(a)(2), and so Defendant Jacoby Glenn Wright will be detained pending sentencing. It is therefore ORDERED that Defendant Jacoby Glenn Wright be committed to the custody of the Attorney General and United States Marshal for further proceedings. It is ORDERED that Defendant Jacoby Glenn Wright, while being so held, be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

DATED: April 19, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

---

demonstrate an 'exceptional reason' because 'a defendant's incarceration regularly creates difficulties for him and his family' (quoting *United States v. Mahabir*, 858 F. Supp. 504, 508 (D. Md.1994))). However, this does not alter the personal nature of those effects and disruptions. That the government does not oppose the relief sought and that Posada has complied with all of the terms of his pretrial release are also unremarkable and unexceptional reasons. In regards to the latter, the Court expects all individuals who avail themselves of pretrial release to comply with the conditions of their bond. That Posada has done so is commendable, but it is not an exceptional reason to delay his detention. In fact, Posada has already enjoyed the fruits of his labor by remaining out on bond while his case was pending. As to the former, like the other reasons Posada advances, the government's non-opposition is a reason why release would be appropriate, but not a reason why his immediate detention would be inappropriate in light of Congress' explicit preference for immediate detention.").